United States District Court
Southern District of Texas
**ENTERED**
November 30, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRINSEO, S.A., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-0478 |
| | § | |
| STEPHEN HARPER, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is Plaintiff Trinseo Europe GmbH's ("Trinseo" or "Plaintiff") Motion to Exclude Certain Opinions and Testimony of Gary Hewitt. (Doc. Nos. 120, 121). Defendant Kellogg Brown & Root, LLC's ("KBR") filed a Response in opposition (Doc. No. 146), and Trinseo filed a reply (Doc. No. 170). The Court hereby grants Trinseo's motion in part and denies it in part.

Trinseo's motion is primarily directed at the contents of Hewitt's opinions as opposed to his general qualifications. Many of its complaints can be dealt with summarily. Trinseo complains that Hewitt's testimony contains inadmissible speculation about the Defendants' state of mind. This objection is granted. Hewitt is not qualified either by training or experience to opine about the mindset of any of the Plaintiffs, Defendants, or their employees. Moreover, he has not demonstrated that any such opinion is "grounded in the methods and procedures of science and signify something beyond subjective belie or unsupported speculation." *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993); *Marlin v. Moody Nat. Bank, N.A.*, 248 Fed. Appx. 534 (5th Cir. 2007).

Similarly, Hewitt will not be allowed to improperly characterize the evidence or launch into narratives that purport to characterize evidence outside of his field of expertise. While an expert is able to opine in his or her field of expertise, that expert may not speculate or act as a narrator merely to parrot a party's position or talking points.

Further, Hewitt may not opine in a conclusory fashion about what was or was not known or reasonably ascertainable. If factually supported, such testimony could be admissible. Absent factual support, however, Hewitt's testimony in this regard would be conclusory and speculative and will not be permitted.

The same general rule applies to Hewitt's testimony that some aspects of Trinseo's processes are not trade secrets. By itself, such a statement is conclusory and is, even worse, a conclusion of law that he has neither the training nor experience to make. The same is true as to testimony that someone "misappropriated" the trade secret—to the extent that is a term of art. Furthermore, unless properly qualified, he may not testify as to patent law. The parties differ as to what experience he has in this area. Defendants claim he has worked in this arena for decades and thus has personal knowledge and experience. Even if true, he may not testify as a legal expert. Further, absent a showing that it has some relevance, Hewitt may not opine solely on legal matters based upon this experience. Of course, he may testify as to facts that might demonstrate a certain process was/is not a secret if he has the requisite knowledge.

This ruling is consistent with this Court's prior ruling as to all experts. No expert, regardless of the party putting forth the witness, will be allowed to speculate, inappropriately characterize evidence, offer unsupported conclusions, or give unrestrained narratives.

Finally, Hewitt may not testify about the number of hours KBR spent in the development of its PC Max process, unless he had personal knowledge or has somehow studied all of KBR's

time sheets. This is clearly outside of his knowledge and expertise. Only someone at KBR or personally familiar with KBR's efforts would know these figures. That being said, he has the expertise and background to describe the efforts and the work needed to complete such a task.

Many of the remaining objections made by Trinseo are addressed to the contents of Hewitt's expert report. The Court will remind the parties as to the role of such a report. The purpose of an expert report is to set out to inform opposing counsel of the expert's opinions and the reasoning behind those opinions (plus the many other items required by Rule 26(a)(2)(B)). It is a discovery tool, but it is not testimony—it is hearsay. Absent agreement by all parties, no expert reports will be admitted at trial.

As outlined above, Trinseo's motion is granted in part and denied in part.

SIGNED at this 30th day of November 2023.

                                    Andrew S. Hanen
                                    United States District Judge