IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRINSEO, S.A., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-0478 |
| | § | |
| STEPHEN HARPER, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court is Plaintiff Trinseo Europe GmbH's ("Trinseo" or "Plaintiff") Motion to Exclude Portions of Defendants' Summary Judgment Evidence. (Doc. No. 135). Defendant Kellogg Brown & Root, LLC ("KBR") filed a Response in opposition, Trinseo filed a reply, and KBR filed a sur-reply. (Doc. Nos. 167, 180, 183). The Court hereby grants Trinseo's motion in part and denies it in part.

I.  **Exhibit 3**

Trinseo objects to Exhibit 3, a "Nonexclusive List of U.S. Patents Related to Polycarbonate ("PC") Produced in this Litigation." (Doc. No. 129-1 at 230, "Ex. 3"). Trinseo claims the table needs to be proven up under Rule 1006 of the Federal Rules of Evidence, which governs admission of summaries, and that KBR has failed to do so. (Doc. No. 135 at 5–7). KBR responds that the table is not subject to Rule 1006 because Rule 611(a) gives the Court discretion to govern "the mode and order of examining witnesses." FED. R. EVID. 611(a); (Doc. No. 167 at 12–14). In fact, KBR refers to Exhibit 3 as "demonstrative" evidence. (Doc. No. 167 at 12). The Court is not convinced that either side's position is correct.

First, unless admitted, demonstratives cannot be considered as "evidence" in a summary judgment context regardless of the discretion afforded to the Court by Rule 611(a). That rule governs the examination of witnesses and presentation of evidence at trial. It does not give the Court leeway to ignore the requirements of Rule 56. KBR does not maintain that they have in any fashion proven the accuracy of Exhibit 3. While it may be accurate and while it may be a perfectly good demonstrative, it cannot be the sole basis upon which this Court grants a summary judgment. To that extent, Trinseo's objection is granted.

## II.     Exhibit 4

Trinseo objects to Exhibit 4, a 2011 Process Economics Program private report titled "Polycarbonate Via Dow Phosgenation Process" by P.D. Pavlechko, PhD. (Doc. No. 129-2 at 2, "Ex. 4"). Trinseo claims Exhibit 4 is being offered for truth of the matters asserted therein and that it is therefore hearsay. (Doc. No. 135 at 8–9). KBR responds that the report is not being offered for the truth of the statements contained therein, but instead that it is being offered solely to demonstrate that Plaintiff's expert, Jerry Duane, approved its publication. (Doc. No. 167 at 18).

To the extent that KBR has provided the Court with proof of Duane's so-called "express signoff," the Court overrules Trinseo's objection and the Court can consider Exhibit 4 solely for the limited purpose described above.

## III.    Exhibit 11

Trinseo objects to Exhibit 11, "Excerpts from the October 11, 2022 deposition of Peter Pavlechko, Ph.D." (Doc. No. 129-4 at 131, "Ex. 11"), as being inadmissible speculation. (Doc. No. 135 at 7–9). KBR maintains that Plaintiff waived these objections by not objecting to the form of the question or answer during the deposition. (Doc. No. 167 at 14–18). It also contends

that the testimony is not speculation but is based on his personal knowledge. The Court rules as follows:

| Testimony | Ruling |
| --- | --- |
| Ex. 11 at 25:4–8 | Overruled |
| *Id.* at 31:12–25 | Overruled up to the words "I'm guessing"; Sustained starting at the words "I'm guessing" through 30:4 |
| *Id.* at 32:11–15 | Overruled |
| *Id.* at 34:17–20 | Overruled |
| *Id.* at 35:18–36:2 | Overruled |
| *Id.* at 36:14–23 | Overruled |

## IV. Exhibits 19, 22, and 23

Trinseo objects to the testimony of three ex-Dow employees (Mark Nace, Duane Priddy, and Lee Walko). (Doc. No. 129-5 at 85–94 ("Ex. 19"), 111–131 ("Ex. 22"), 133–164 ("Ex. 23")). Trinseo contends these employees are lay witnesses improperly offering expert testimony. (Doc. No. 135 at 2–5). Trinseo's motion does not provide the Court with specific objections to the depositions. Instead, it merely objects by category. This makes it very difficult for the Court to rule specifically. KBR responds that the testimony in question is made from personal knowledge. (Doc. No. 167 at 6–12). It maintains that the three ex-Dow employees are not offering expert opinion, rather they are testifying factually about what tasks they had actually performed. Only KBR in its response cited this Court to actual testimony. (*Id.*).

Given the ambiguous manner in which Trinseo has objected, the Court cannot pinpoint the evidence to which it objects. Nonetheless, the Court can issue a general ruling. First, three ex-Dow employees can testify about the actual jobs and tasks they performed. They can also testify as to the aspects of the PC business that they had available at the time they performed

3

these tasks and factually about the industry as it existed in various points in their careers. They may not go outside their personal knowledge and opine about PC or the PC industry.

## V. Exhibit 20

Trinseo objects to Exhibit 20, a presentation by Jerry Duane regarding SABIC PC Polycarbonate Resin which was Exhibit 29 to Duane's deposition (Doc. No. 129-5 at 96, "Ex. 20"), as a hearsay document lacking a proper foundation. (Doc. No. 135 at 8). KBR has since withdrawn Exhibit 20. (Doc. No. 167 at 5). Trinseo's objection to Exhibit 20 is therefore denied as moot.

## VI. Conclusion

As outlined above, the Court hereby grants in part and denies in part Trinseo's Motion to Exclude Portions of Defendants' Summary Judgment Evidence. (Doc. No. 135).

SIGNED at this 30th day of November 2023.

Andrew S. Hanen
United States District Judge