United States District Court
Southern District of Texas
**ENTERED**
September 11, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRINSEO, S.A., | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § CIVIL ACTION NO. 4:20-CV-0478 |
| | § |
| STEPHEN HARPER, *et al.*, | § |
| | § |
| *Defendants.* | § |

## PERMANENT INJUNCTION

On the basis of the record and the jury's verdict, the Court finds that the conduct of Defendants Kellogg, Brown & Root, LLC ("KBR") and Stephen Harper, Steve Harper Consultants, Inc. and Polycarbonate Consulting Services, Inc. (collectively, the "Harper Defendants") conduct has caused, and will continue to cause, Trinseo Europe GmbH ("Trinseo") irreparable injury for which there is no adequate remedy at law and that a Permanent Injunction is necessary to address future harm to Trinseo.

Pursuant to the Court's inherent equitable powers, and the authority provided by the Defend Trade Secrets Act, 18 U.S.C. § 1836(h), the All Writs Act, 28 U.S.C. § 1651, and Federal Rule of Civil Procedure 65, there being no further issues of fact for the Court to resolve, and upon balancing the hardships on the parties and also taking into account the public interest, the Court ORDERS that the Enjoined Defendants are PERMANENTLY ENJOINED as set forth below.

**1. Definitions.** The following definitions apply for purposes of this Permanent Injunction:

    a.    "Trinseo" means Trinseo Europe GmbH.

    b.    "KBR" means Defendant Kellogg, Brown & Root, LLC.

    c.    The "Harper Defendants" means Defendants Stephen Harper, Steve Harper Consultants, Inc. and Polycarbonate Consulting Services, Inc.

    d.    "Enjoined Defendants" means KBR and the Harper Defendants and any of their principals, members, managers, shareholders, owners, officers, directors, agents, servants, and employees. This excludes William B. Davis and Polycarbonate Resins Consulting, LLC.

    e.    The "Trinseo Trade Secrets" means the four trade secrets found by the Jury in its January 26, 2024 verdict (Doc. 321) to be Trinseo's trade secrets, including the Polycarbonate Plant Process Control Strategy and Control Algorithms, the Polycarbonate Plant Phosgene Reactor Design and associated Pressure Vessel Containment Scheme, the Polycarbonate Plant Continuous Plug Flow Oligomerization Reactor Design Inside Pressurized Vessel Containment (with static mixer design), and the Polycarbonate Plant Steam Devolatilization Process.

    f.    The "Prohibited Information" means all documents, tangible items, or electronically stored information in the Enjoined Defendants' possession, custody, or control that describes, comprises or embodies the Trinseo Trade Secrets.

    g.    "Effective Date" means the date this Permanent Injunction is signed and entered or, if enforcement or implementation of this Permanent Injunction or any term or terms thereof is stayed by this Court, any Court of Appeals, or the United States Supreme Court, the date such stay is lifted.

2.  **Use of Trinseo Trade Secrets.**

a.  The Enjoined Defendants are enjoined in perpetuity from in any way acquiring, accessing, viewing, disclosing, transferring, disseminating, copying, storing, using, or exploiting the Prohibited Information without Trinseo's express prior written consent and/or except as expressly provided herein to facilitate compliance with this Permanent Injunction. This includes the future use of the four Trinseo Trade Secrets in any PCMax package or any similar KBR/Harper polycarbonate plant design.

b.  The Enjoined Defendants are also hereby ordered to delete and/or destroy all materials in their possession which encompass, replicate, or describe any of the four Trinseo Trade Secrets as soon as reasonably feasible.

3.  **Information and Communication Requirements.**

a.  Within five business days of the Effective Date, the Enjoined Defendants shall designate one individual to serve as the point of contact for the Court or its designee. Each Enjoined Defendant shall authorize their designated individual to take all actions necessary to implement and comply with this Permanent Injunction on behalf of the Enjoined Defendant for which the individual is designated.

b.  Within thirty business days of the Effective Date, the Enjoined Defendants shall each provide to this Court a "Notice of Compliance" containing the steps that they have taken to ensure compliance with this Permanent Injunction, specifically Paragraphs 2(a) and 2(b).

c.  The Enjoined Defendants may access and view Prohibited Information already in their possession, custody, or control solely to the extent necessary to comply with the requirements of this Permanent Injunction.

2.  **Use of Trinseo Trade Secrets.**

a.  The Enjoined Defendants are enjoined in perpetuity from in any way acquiring, accessing, viewing, disclosing, transferring, disseminating, copying, storing, using, or exploiting the Prohibited Information without Trinseo's express prior written consent and/or except as expressly provided herein to facilitate compliance with this Permanent Injunction. This includes the future use of the four Trinseo Trade Secrets in any PCMax package or any similar KBR/Harper polycarbonate plant design.

b.  The Enjoined Defendants are also hereby ordered to delete and/or destroy all materials in their possession which encompass, replicate, or describe any of the four Trinseo Trade Secrets as soon as reasonably feasible.

3.  **Information and Communication Requirements.**

a.  Within five business days of the Effective Date, the Enjoined Defendants shall designate one individual to serve as the point of contact for the Court or its designee. Each Enjoined Defendant shall authorize their designated individual to take all actions necessary to implement and comply with this Permanent Injunction on behalf of the Enjoined Defendant for which the individual is designated.

b.  Within thirty business days of the Effective Date, the Enjoined Defendants shall each provide to this Court a "Notice of Compliance" containing the steps that they have taken to ensure compliance with this Permanent Injunction, specifically Paragraphs 2(a) and 2(b).

c.  The Enjoined Defendants may access and view Prohibited Information already in their possession, custody, or control solely to the extent necessary to comply with the requirements of this Permanent Injunction.

  d. The Enjoined Defendants shall, no later than ten business days from the Effective Date, take commercially reasonable measures to convince any third parties to whom the Enjoined Defendants disclosed Prohibited Information to destroy any Prohibited Information that embodies the Trinseo Trade Secrets. Specifically, the Harper Defendants shall provide written notice to Mustang Engineering, Inc., Prime 3 Labs, LLC or Primestar Technologies (or any predecessor or successor entities of Mustang, Prime 3, Primestar) and Luxi Chemical Group Company. The Harper Defendants shall, no later than ten business days from transmission, serve upon Trinseo's counsel a copy of each such notice.

**4. Notice of Permanent Injunction.**

  a. Immediately upon the Effective Date, in addition to and notwithstanding the requirements of the notices described above in Paragraph 3(d), the Enjoined Defendants shall undertake commercially reasonable steps to communicate the terms of this Permanent Injunction to their employees and agents, and to their vendors or licensees who are employed in the PC sector and with whom they are currently doing business, to ensure immediate compliance with this Permanent Injunction.

  b. The Enjoined Defendants must fully comply with the notice requirements of Paragraphs 3(d) and 4(a) within thirty business days from the Effective Date, and the Enjoined Defendants shall inform the Court of their compliance with these sections in their Notice of Compliance. Specifically, the Enjoined Defendants (either individually or through an officer thereof) shall attest under penalty of perjury that each of the Enjoined Defendant has complied with these notice requirements. This Notice of Compliance shall be filed (with copies to counsel for Trinseo) no later than thirty business days from the Effective Date.

c. If the Notice of Compliance is not filed within thirty business days of the Effective Date, Trinseo may request an order from the Court to require any noncompliant Enjoined Defendant to show cause as to why they should not be held in contempt of this Permanent Injunction. The Enjoined Defendants shall bear all costs, fees, and expenses of such proceedings, including all costs, attorneys' and expert witness fees, and expenses that Trinseo may incur to seek or obtain such relief.

d. Each of the Enjoined Defendants shall provide such other notices or communications as the Court may deem necessary.

5. **Monitoring and Certification.**

a. On an annual basis for five years from the Effective Date, KBR shall undertake commercially reasonable efforts to prevent or uncover any potential violation of KBR's non-disclosure agreements with its licensees, suppliers, vendors, or contractors to whom KBR disclosed or provided access to documents or data that embodies, contains, comprises, or describes the Trinseo Trade Secrets. If KBR discerns any violations, KBR shall report to Trinseo any perceived violations no later than ten business days from the date KBR discerns any perceived violations. In addition, KBR shall (i) if necessary, join Trinseo as a party to any litigation/dispute resolution proceeding necessary to enforce compliance; or (b) assign Trinseo the right, but not necessarily the obligation, to enforce compliance with KBR's non-disclosure agreements. KBR shall bear all costs, fees, and expenses of such proceedings, including all costs, attorneys' and expert witness fees, and expenses that Trinseo may incur by virtue of such proceedings.

b. The Enjoined Defendants shall jointly and severally bear all costs, fees, and expenses of the Court or any vendor or agent the Court believes necessary to monitor the Enjoined Defendants' compliance with the provisions of this Permanent Injunction.

6. **Violations and Non-Compliance.**

a. If at any time the Court or any party discovers a violation of this Permanent Injunction any party may file with the Court a Notice of Non-Compliance specifying the violation.

b. If, after the expiration of ten business days, the noncompliant conduct has not been cured, Trinseo may request an order from the Court to require any noncompliant Enjoined Defendant to show cause as to why they should not be held in contempt of this Permanent Injunction. The Enjoined Defendants shall bear all costs, fees, and expenses of such proceedings, including all costs, attorneys' and expert witness fees, and expenses that Trinseo may incur to seek or obtain such relief.

c. Any violation of, or non-compliance with, the terms of this Permanent Injunction may be redressed by one or more of the following: (i) contempt proceedings, which may result in fines against the Enjoined Defendants payable to Trinseo; (ii) extending the time applicable to the term(s) of the Permanent Injunction with which the Enjoined Defendants failed to comply; (iii) modifying the terms of this Permanent Injunction, including by imposing additional constraints, monitoring requirements, or certification requirements; or (iv) any other measure the Court deems just and proper.

7. **The Enjoined Defendants shall take no action to circumvent the requirements of this Permanent Injunction.**

**VIOLATION OF THIS PERMANENT INJUNCTION SHALL CONSTITUTE CONTEMPT OF COURT**, which will entitle Trinseo to seek, and the Court to grant, any and all appropriate relief. The Enjoined Defendants shall be liable for all expert witness and attorneys' fees, costs, and expenses incurred to enforce this Permanent Injunction, including all costs, attorneys' and expert witness fees, and expenses of Trinseo. All writs and processes for the

enforcement of this Permanent Injunction may issue as necessary. The Court shall retain jurisdiction for enforcement of this Permanent Injunction.

**IT IS SO ORDERED.**

SIGNED at this 11th day of September, 2024.

Andrew S. Hanen
United States District Judge